UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

CINDY LEE DUBE,

        Plaintiff,

v.                                            CIVIL ACTION 1:14-cv-24526

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is a complaint filed on August 8, 2014, by Cindy Lee Dube, Claimant (ECF No. 2).  On November 3, 2014, Defendant filed an Answer to the Complaint (ECF No. 8).  On August 5, 2015, the undersigned filed a Notice of Failure to Make Service Within 120 Days directing Claimant to demonstrate service was obtained upon the Defendant (ECF No. 10). Subsequently, Claimant filed copies of return receipt cards verifying that service of summons was timely executed on September 8, 2014 (ECF No. 12). Neither party filed pleadings; therefore, the Proposed Findings and Recommendation will be made on the merits of the case.

On October 15, 2010, Claimant filed Title II and XVI applications for disability, disability insurance benefits (DIB) and supplemental security income (SSI).  Claimant's alleged disability onset date is September 15, 2010.  Both applications were denied initially on May 11, 2011, and upon reconsideration on July 27, 2011.  On August 23, 2011, Claimant filed a written request for a hearing.  A hearing was held before an Administrative Law Judge (ALJ) on March 7, 2013. Claimant appeared via video from Bluefield, West Virginia, and the ALJ presided over the hearing from Roanoke, Virginia.  The ALJ denied Claimant's applications on March 20, 2013.  On April

24, 2013, Claimant requested a review of the ALJ's Order by the Appeals Council (Tr. at 9-10). On June 16, 2014, The Appeals Council (AC) denied Claimant's request stating "We found no reason under our rules to review the Administrative Law Judge's decision.  Therefore, we have denied your request for review" (Tr. at 1).  Claimant filed a Complaint for judicial review on August 8, 2014 (ECF No. 2).

<u>Standard of Review</u>

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520 (2014).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.* § 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir.

1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.   20 C.F.R. § 404.1520(f) (2014).   The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the alleged onset date of September 30, 2014 (Tr. at 17).   The ALJ found that Claimant meets the insured status requirements of the Social Security Act through September 30, 2014. (*Id.*)   Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of chronic obstructive pulmonary disease, hypertension (poorly controlled), chronic alcohol abuse and anxiety. (*Id.*)   At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 18).   The ALJ then found that Claimant has a residual functional capacity to perform medium work[1] (Tr. at 19).   As a result, the ALJ concluded that Claimant could perform past relevant work as an inspector (Tr. at 21). On this basis, benefits were denied (Tr. at 22-23).

---

[1]  The ALJ ordered that Claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently.  She can stand and/or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday.  She can never climb ladders, ropes and scaffolds.  She could frequently climb ramps/stairs, balance, stoop, kneel, crouch and crawl.  She should avoid even moderate exposure to extreme cold, fumes, odors, dust, gases, poor ventilation and hazards.  She could have no more than occasional interaction with the general public and would be capable of learning and performing 1-2 step job instructions (Tr. at 19).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

Claimant's Background

Claimant was born on November 9, 1965.  She has a driver's license and lives with her fiancé and their two children (Tr. at 45-46).

The Medical Record

Claimant received a physical from Princeton Community Hospital in Princeton, West Virginia, on April 16, 2010 (Tr. at 332-333).  Claimant presented to the hospital as "wanting to get off of alcohol" (Tr. at 332).  Her medical history reflected hypertension, alcohol abuse, history of depression and chronic obstructive pulmonary disease (COPD). On May 30, 2010, Claimant

4

reported to Princeton Community Hospital experiencing chest pain (Tr. at 319).

Claimant was regularly treated for depression, alcohol withdrawal, chronic obstructive pulmonary disease and hypertension. On June 2, 2010, Ted Webb, PA-C, admitted Claimant to the Behavioral Medicine facility, at Princeton Community Hospital, "for stabilization and medical management" (Tr. at 294).  In a Biopsychosocial Assessment by Philip B. Robertson, M.D., dated June 3, 2010, Claimant reported her highest education level completed as 12th grade and that she attended behavior disability classes (Tr. at 296).  Claimant's discharge plan included participation in long-term rehab (Tr. at 298).  Claimant was also referred to Southern Highlands Community Mental Health.

On August 6, 2010, Claimant reported experiencing chest pain and dyspnea (Tr. at 397). On January 7, 2011, Claimant reported to the Emergency Department at Princeton Community Hospital experiencing headaches (Tr. at 393).

On February 14, 2011, Bob Marinelli, Ed.D., performed a Mental Residual Functional Capacity Assessment of Claimant for Affective Disorders, Anxiety-Related Disorders and Substance Abuse Disorders under Listing 1.  Claimant was reported to be moderately limited in the ability to carry out detailed instructions, the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, the ability to work in coordination with or proximity to others without being distracted by them, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, the ability to interact appropriately with the general public, the ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes and the ability to travel in

unfamiliar places or use public transportation (Tr. at 419-420).   Dr. Marinelli's Functional
Capacity Assessment of Claimant stated that "She has the capacity to sustain routine and gainful
work-related activities involving short and simple instructions with low pressure, social and
independent travel demands" (Tr. at 421).   Dr. Marinelli's Psychiatric Review Technique form
reflected that a Residual Functional Capacity Assessment was necessary to determine medical
dispositions (Tr. at 423).

On April 7, 2011, Gary Craft, M.D., performed a History and Physical Examination of
Claimant for the West Virginia Disability Determination Service (Tr. at 444-447).   During the
examination, Claimant was reported as complaining of an anxiety, depressive disorder (Tr. at 444).
She self-reported a history of COPD over 10 years.  (*Id.*)  Claimant self-reported to taking Zestril
for hypertension.  Claimant reported taking Vistaril, Lexapro, Lorazepam and Ambien for her
anxiety depressive disorder.  She reported taking Ventolin by inhalation for chronic lung disease.
Dr. Craft stated that in preparing the examination he reviewed an office note from Claimant's
treating physician dated July 17, 2010, stating that Claimant had a depressive disorder, alcohol
dependence, hypertension and COPD (Tr. at 444-445).

On April 8, 2011, Disability Examiner for the West Virginia Disability Determination
Service, David Milam, performed a Physical Residual Functional Capacity Assessment with a
primary diagnosis of COPD and a secondary diagnosis of hypertension (Tr. at 453-460).   Mr.
Milam reported that Claimant is fully credible (Tr. at 458).  Mr. Milam reported that Claimant's
activities of daily living are mostly affected by psychological issues (Tr. at 460).  Claimant was
reported to experience anxiety and depression which prevents her from going out and caring about
her appearance.  Claimant was reported to bathe infrequently and not sleep well. (*Id.*)

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant's asserted "I am disabled" as her reason for requesting reconsideration of the ALJ's decision to the Appeal's Council (Tr. at 10).

<u>Treating Physicians</u>

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability.  *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2014).  Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2014).  The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits.  20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2014).  Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational.  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).  These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors.

Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." *Id.* §§ 404.1527(d)(2), 416.927(d)(2).

## Discussion

The ALJ's decision reflected that the evidence failed to establish an impairment meeting Listing-level severity (Tr. at 18).  The ALJ stated that "[N]one of the claimant's treating or examining physicians of record has reported the necessary clinical, laboratory or radiographic findings specified therein."  (Id.)

The only discussion in the ALJ's decision regarding the opinions of treating and consulting physicians states the following:

> As for the opinion evidence, the State agency medical and psychological consultants provided opinions regarding the claimant's functional status at the initial and reconsideration levels. At the initial level, the State agency found the claimant could perform medium unskilled work.  At the reconsideration level, the State agency affirmed these opinions.  The undersigned affords these opinions great weight, as they are consistent with the objective evidence provided by the medical sources in file as well as the statements provided by the claimant. (Tr. at 21).

The Court proposes that the presiding District Judge find that the ALJ failed to weigh the opinions of Claimant's treating physicians.  Therefore, the ALJ's final decision denying the claim is not supported by substantial evidence.

## Conclusion

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) because the ALJ failed to adequately explain the weight afforded Claimant's treating physicians and **DISMISS** this

matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge David A. Faber.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  August 25, 2015

Dwane L. Tinsley
United States Magistrate Judge